UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES D. BOND, JR.,

Plaintiff,

v.                                              CAUSE NO. 3:22-CV-271-JD-MGG

WILLIAM REDMAN and OLMSTEAD,

Defendants.

<u>OPINION AND ORDER</u>

James D. Bond, Jr., a prisoner without a lawyer, filed a complaint alleging he

found insect larvae in his sink at the Saint Joseph County Jail. ECF 1. "A document filed

*pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers."

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief.

Bond alleges when he found the larvae on March 9, 2022, he was convicted, but

had not yet been sentenced. Therefore, it is the Fourteenth Amendment rather than the

Eighth which governs the conditions of his confinement. *Lewis v. Downey*, 581 F.3d 467,

474 (7th Cir. 2009). Under the Fourteenth Amendment, an inmate cannot be punished

without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a

particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* at 539. Here, the presence of larvae in Bond's sink is not reasonably related to a legitimate governmental objective. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id.* Here, there is no indication the larvae were intended as punishment. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). Allowing larvae to live in Bond's sink is not rationally related to a legitimate nonpunitive governmental purpose, but he attaches a grievance stating guards poured bleach in the drain to kill the larvae after he found them, but the problem persists. ECF 1-1 at 1. This shows the guards have tried to remedy the problem even though they have not fully succeeded. To establish a claim under the Fourteenth Amendment, "it will not be enough to show negligence or gross negligence." *Miranda v. Cty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018). Here, the complaint merely alleges the guards have been unsuccessful at fully eradicating the larvae in Bond's sink. At most, it alleges they were negligent, but that does not state a claim.

Bond sues Sheriff Redman and Warden Olmstead because "[t]hey are responsible for everything that goes on in the jail." ECF 1 at 2. However, there is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in

the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

"[P]ublic employees are responsible for their own misdeeds but not for anyone else's."

*Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, Bond alleges these defendants

have not seen the larvae and there is no indication they caused on participated in their

existence or the failure to remove them.

This complaint does not state a claim for which relief can be granted. It seems

unlikely Bond can file an amended complaint which states a claim, but if he believes he

can do so (based on and consistent with the events described in this complaint), he may

file an amended complaint. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir.

2018).

For these reasons, the court:

(1) GRANTS James D. Bond, Jr., until **September 20, 2022**, to file an amended

complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form; and

(2) CAUTIONS James D. Bond, Jr., if he does not respond by the deadline, this

case will be dismissed under 28 U.S.C. § 1915A without further notice because the

current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 16, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT